**Alan G. SWANSTROM, Plaintiff—Appellant,**

v.

**THE BOEING COMPANY, Defendant—Appellee.**

No. 05–35782.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

Alan G. Swanstrom, Issaquah, WA, pro se.

Nancy Williams, Esq., Perkins Coie, LLP, Seattle, WA, for Defendant–Appellee.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Alan G. Swanstrom appeals pro se from the district court's order granting summary judgment in favor of his former employer, The Boeing Company ("Boeing"), in his Title VII action alleging discrimination on the basis of race. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Vasquez v. County of Los*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Angeles,* 349 F.3d 634, 639 (9th Cir.2003), and we affirm.

Prior to bringing a Title VII action in federal court, a plaintiff must exhaust his administrative remedies by timely filing a charge of discrimination with the Equal Employment Opportunity Commission, or the appropriate state agency. *See* 42 U.S.C. § 2000e–5(e)(1); *Vasquez,* 349 F.3d at 644. Swanstrom's discrimination claim fails because he never filed a charge of discrimination against Boeing with the EEOC or any other administrative agency. *See Vasquez,* 349 F.3d at 644.

The district court properly denied Swanstrom's motion to stay the proceedings based on equitable tolling because "equitable remedies are unavailable in federal court when the record shows that no administrative filing was ever made." *Sommatino v. United States,* 255 F.3d 704, 710 (9th Cir.2001) (rejecting an equitable tolling argument and affirming summary judgment on Title VII claim because the plaintiff never filed a charge of discrimination with an appropriate agency).

Swanstrom was not entitled to additional discovery because he failed to identify any evidence that would preclude summary judgment. *See Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.,* 353 F.3d 1125, 1129–30 (9th Cir.2004).

**AFFIRMED**